NOT DESIGNATED FOR PUBLICATION

No. 115,364

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADAM DAVID WINSKY,
*Appellant*.


MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed March 3, 2017. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Jamie L. Karasek*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

*Per Curiam*:  Adam David Winsky appeals the imposition of his original sentence after his fourth probation revocation hearing, alleging the district court abused its discretion. The record reflects the district court considered Winsky's no contest plea to violations of his probation and found he was not amenable to probation. We find no abuse of discretion by the district court, and we affirm.

1

As part of a plea agreement, Winsky pled no contest to possession of methamphetamine. The district court sentenced Winsky to an underlying sentence of 20 months' imprisonment but placed him on 18 months' probation. As a condition of his probation, Winsky agreed not to use drugs and to follow the recommendations of his Senate Bill 123 drug abuse treatment assessment.

The State filed three motions to revoke Winsky's probation; each time, the district court reinstated his probation with the same conditions, and it also ordered Winsky to serve a 120-day sanction after the third probation hearing pursuant to K.S.A. 2016 Supp. 22-3716(c)(1)(C). Winsky failed to follow the conditions of his probation after the third revocation hearing and reinstatement.

The State filed a fourth motion to revoke Winsky's probation. Once again, Winsky admitted to using methamphetamine and smoking marijuana, left inpatient treatment against medical advice, and tested positive for methamphetamine and marijuana. Winsky pleaded no contest to the allegations. The district court revoked Winsky's probation at the fourth revocation hearing and ordered him to serve the balance of his sentence, stating in part:

> "The court has tried to work with you on four different—on three other occasions, and you have 21 prior convictions. Even after the plea agreement was entered into, you still violated the terms and conditions of your probation and I am not one of those judges that wants to reward you for bad behavior. It just isn't going to happen."

Winsky appealed.

ANALYSIS

Unless otherwise required by law, probation is a privilege, not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation involves two steps. The district court must first determine whether the probationer has violated a condition of probation, and if a probation violation occurred, the district court must determine whether the violation warrants revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). A district court's decision to revoke probation will not be overturned absent an abuse of discretion. 286 Kan. at 227-28.

A district court abuses its discretion if its judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015).

Winsky concedes it was a discretionary call for the district court to revoke his probation and impose his underlying sentence. However, he contends the district court abused its discretion because "no reasonable person would have ordered him to spend 20 months[] in prison when drug and alcohol rehabilitation would have been better suited to the situation."

However, Winsky had numerous chances to attend drug and alcohol rehabilitation. On more than one occasion, Winsky was ordered to comply with all the recommendations of his Senate Bill 123 drug abuse treatment assessment. Despite this, Winsky was unable to successfully complete drug treatment programs. At the fourth revocation hearing, Winsky pled no contest to using methamphetamine, smoking marijuana, leaving treatment against medical advice, and testing positive for

3

methamphetamine and marijuana. A reasonable person could conclude Winsky was not amenable to drug abuse treatment and probation. The decision to revoke Winsky's probation and impose his underlying sentence was not arbitrary, fanciful, or unreasonable. The district court did not abuse its discretion.

Affirmed.